UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-39 |
| | ) | (Jordan / Shirley) |
| STACIE LEE GLANCE, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter came before the Court for disposition of Defendant Stacie Lee Glance's Third Motion (In Limine) For Bill of Particulars [Doc. 63], pursuant to 28 U.S.C. § 636(b) and Order of the District Court [Doc. 64]. The United States has responded in opposition to Ms Glance's motion at [Doc. 65]. On January 28, 2008, the Court conducted a hearing on the merits of the Third Motion (In Limine) For Bill of Particulars [Doc. 63]. Attorney Ursula Bailey was present on behalf of Stacie Glance, who was not present. The government was represented by Assistant United States Attorney Hugh Ward. The co-defendant charged in the indictment with Ms Glance, Kenneth Dyer, will not proceed to trial, having entered a plea of guilty before the District Court earlier this month. For the reasons stated herein, the Court concludes the request for remedy is now moot.

In her motion, Ms Glance moves the Court to order the government to provide a Bill of Particulars more clearly identifying the nature of the alleged offense. Ms Glance states that her request is made in response to the government's representation that it intends to offer proof of other acts outside the date of the indictment. Ms Glance argues that the only prior acts identified by the government in its Rule 404(B) notices are alleged to have taken place in North Carolina, but that the prosecution now has indicated an intention to present proof of different acts said to have taken

place within the Eastern District of Tennessee. Ms Glance states that she cannot meet the government's case if she is wholly unaware of the date, location and nature of acts that will be at issue at trial. By way of example, Ms Glance argues that she would be unable to present an alibi defense to a particular act if she first learns of the act at trial.

The United States responds that acts outside the date of the indictment will be offered at trial as an intrinsic part of the ongoing offense. The government described the nature of these acts, the date range in which they are alleged to have occurred and their anticipated relevance to the indicted offense. The description offered at the hearing, along with the statements included in the government's response, at [Doc. 64], appeared to the Court to provide the information sought by defendant, and Ms Glance's attorney Ursula Bailey confirmed that these disclosures satisfied her request for a Bill of Particulars and that no further remedy was necessary.

Accordingly, Ms Glance's Third Motion (In Limine) For Bill of Particulars **[Doc. 63]** is **DENIED** as moot, having been satisfied by the government's disclosures. Both at the hearing and herein, this Court expressly declines to address any evidentiary issues that may surround the proposed proof. The Honorable U.S. District Judge R. Leon Jordan, who will preside over the trial of this case, will take up any objections to proposed evidence or issues of admissibility as he deems appropriate.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge